IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| LHF PRODUCTIONS, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DOE 1, DOE 2, DOE 3, DOE 4, DOE 5, )<br>DOE 6, DOE 7, DOE 8, DOE 9, and DOE )<br>10, )<br>)<br>Defendants. ) | **Case No. 2:17-cv-00231** |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

Plaintiff, LHF Productions, Inc., by and through its undersigned counsel, for and as its Complaint against Defendants, alleges as follows:

NATURE OF THE ACTION

1. This is a civil action for copyright infringement of federally registered copyrights in violation of the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq. (the "Copyright Act"). Plaintiff seeks injunctive relief, statutory damages, attorney's fess, and costs, and such other relief as the Court deems proper.

JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. Venue in this district is proper pursuant to 28 U.S.C. §§ 1391(b) and 1400(a),

as at least one of the Defendants is believed to reside in this division and all Defendants are believed to reside in this district.

PARTIES

PLAINTIFF

4. Plaintiff is a Nevada corporation with principal offices in Los Angeles, California, and an affiliate of Millennium Media, a production company and distributor of a notable catalog of major motion pictures.

5. LONDON HAS FALLEN is a major motion picture released in March 2016.

6. The motion picture LONDON HAS FALLEN is an action film and the sequel to OLYMPUS HAS FALLEN.

7. LONDON HAS FALLEN is protected by the Copyright Act and Registration No. PA 1-982-831, filed herewith as Exhibit A.

8. Under the Copyright Act, Plaintiff is the proprietor of copyrights and related interests needed to bring suit.

9. The motion picture contains wholly original material that is copyrightable subject matter under the laws of the United States.

10. The motion picture is currently offered for sale in commerce, being a major motion picture that was released in theaters, and now available for legal purchase in digital and physical formats.

11. Defendants had notice of Plaintiff's rights through general publication and advertising and more specifically as identified in the content of the motion picture, advertising associated with the motion picture, and copies, each of which bore a

proper copyright notice.

12. Plaintiff comes to court seeking relief as the motion picture was pirated and trafficked in the BitTorrent network and is being illegally downloaded and distributed countless times worldwide with many confirmed instances of infringing activity traced to Indiana.

## THE DEFENDANTS

13. The true names of Defendants are unknown to Plaintiff at this time. Each Defendants is known to Plaintiff only by the IP address assigned to the Defendant by his or her Internet Service Provider ("ISP").

14. Plaintiff's investigator, Maverickeye, also observed the date and the time, in Coordinated Universal Time ("UTC"), at which the infringing activity of each Defendant occurred.

15. A listing of the Defendants by IP address, time of infringement, and geolocation information are attached as Exhibit B.

16. Plaintiff believes that information obtained in discovery will lead to the identification of each Defendant's true name and will permit Plaintiff to amend this Complaint to state the same.

17. Plaintiff further believes that the additional information obtained will lead to the identification of additional infringing parties, as monitoring of online infringement of Plaintiff's motion picture is ongoing.

## PEER-TO-PEER INTERNET PIRACY IN GENERAL

*Operation*

18. BitTorrent, also known as peer-to-peer file sharing, has become one of the most common systems for users to illegally dispense and share huge amounts of data in digital format, including motion pictures.

19. The BitTorrent protocol enables computers to exchange large files (such as motion pictures) without creating a heavy workload for any individual source/computer. It allows users to interact directly with each other to: (1) make files stored on a user's computer (e.g., motion pictures) available for copying by other users; (2) search for files stored on other computers; and, (3) transfer exact copies of files from one computer to another over the Internet.

20. The use of BitTorrent requires multiple intentional acts. A user must load specific software, use the software to join a network, search for a file, and then select the file they wish to download. As each user or peer joins the network and requests a copy of a file, they form a type of social contract to not only download the file, but to be a part of the network to all the file to be downloaded by others. Each new peer requesting the file receives pieces of data from each peer who already has downloaded the file, and then in turn makes that content available to others.

21. Since the BitTorrent protocol also generally limits a peer's ability to download unless he or she also uploads or shares, there is a substantial incentive for each peer to remain online and continue to make files available for other peers to download, because this will maximize his or her download speed and access to additional content.

22. The Defendants in this action have been observed as making Plaintiff's

motion picture available to others in furtherance of the BitTorrent network.

*The Business of Piracy*

23. Internet piracy, and in particular BitTorrent piracy, is often a for-profit business, as many software clients, torrent sites, and networks generate millions of dollars in revenue through sales and advertising.

24. To increase the value of advertising and, sometimes, subscription access sold by torrent sites, many parties work to expand the pool of available titles and speed of downloads available by increasing the number of member peers. This increases the desirability of their clients and networks. To accomplish this they often reward participants who contribute by giving them faster download speeds, greater access, or other benefits.

25. Defendants' participation in the BitTorrent exchange of Plaintiff's motion picture is the type of activity that torrent sites use to promote their business and likely directly furthered the for-profit business of at least one torrent site.

26. The use of BitTorrent does more than cause harm through the simple theft of intellectual property. The BitTorrent distribution of pirated files is a model of business that profits from theft through sale and advertising and provides a system of rewards and compensation to the participant, each of whom contribute to and further the enterprise.

27. Digital piracy, including BitTorrent piracy, costs the entertainment industry over $80 billion per year.

28. Nationwide the film and television industry supports over 1.9 million workers

and contributes over $19.3 billion in taxes.

29. The impact of piracy is far greater than the mere loss of a single sale of loss due to the distribution of one copy of a motion picture. Piracy undermines the economy, job base, and tax base on which our citizens rely and promotes a general disregard for the rights of others and the law.

30. As such, it is clear that giving effect to 17 U.S.C. §§ 101 et seq., the enforcement of intellectual property rights, and, in particular, the fight against counterfeiting and piracy are critical issues of importance to both the United States of America and the State of North Carolina.

## **CAUSE OF ACTION**

31. Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs.

32. Defendants, without the permission or consent of Plaintiff, copied and distributed Plaintiff's motion picture through a public BitTorrent network.

33. Defendants' actions infringed Plaintiff's exclusive rights under the Copyright Act.

34. The conduct of the Defendants has been with notice, willful, intentional, and in disregard or indifferent to Plaintiff's rights, with the intent to cause Plaintiff harm and deprive Plaintiff of royalties and the benefit of Plaintiff's copyrights.

35. As a direct and proximate result of the Defendants' conduct, Plaintiff's exclusive rights under 17 U.S.C. § 106 have been violated.

36. Plaintiff is entitled to damages pursuant to 17 U.S.C. § 504 and attorney's

fees and costs pursuant to 17 U.S.C. § 505.

37. The conduct of the Defendants is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury.

38. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting each Defendant from further contributing to the infringement of Plaintiff's copyrights and the economy of piracy. Plaintiff is entitled to an order that each and every Defendant destroy all copies of the motion picture made in violation of Plaintiff's rights.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against each Defendant and relief as follows:

1. For entry of permanent injunctions providing that each Defendant shall be enjoined from directly or indirectly infringing Plaintiff's rights in the copyrighted LONDON HAS FALLEN, including without limitation by using the Internet to reproduce or copy, distribute, or make available for distribution to the public LONDON HAS FALLEN, except pursuant to a lawful license or with the express authority of Plaintiff. Each Defendant also shall destroy all copies of LONDON HAS FALLEN that each Defendant has downloaded onto any computer, hard drive, or server without Plaintiff's authorization and (subject to the Order of Impoundment prayed for below) shall serve up all copies of the downloaded

LONDON HAS FALLEN transferred onto any physical medium or device in each Defendant's possession, custody, or control.

2. For Judgment in favor of Plaintiff against Defendants that they have: a) willfully infringed Plaintiff's rights in its federally registered copyright pursuant to 17 U.S.C. § 501; and, b) otherwise injured the business and reputation of Plaintiff by Defendants' acts and conduct set forth in this Complaint.

3. For Judgment in favor of Plaintiff against Defendants for actual damages or statutory damages pursuant to 17 U.S.C. § 504, at the election of Plaintiff, in an amount to be determined at trial.

4. For an Order of Impoundment under 17 U.S.C. §§ 503 and 509(a) impounding all infringing copies of Plaintiff's LONDON HAS FALLEN that are in Defendants' possession or under their control.

5. For Judgment in favor of Plaintiff and against Defendants awarding Plaintiff attorney's fees, litigation expenses (including fees and costs of expert witnesses), and other costs of this action.

6. For Judgment in favor of Plaintiff and against Defendants awarding Plaintiff all such further declaratory and injunctive relief as the Court may find just and proper under the circumstances.

DATED: May 24, 2017

Respectfully submitted,

By: /s/ R. Matthew Van Sickle
R. Matthew Van Sickle
Indiana Bar No. 24430-41
Lynch Van Sickle, PLLC
201 Shannon Oaks Circle, Suite 200
Cary, North Carolina 27511
(919) 469-5685
rmv@lynchvansickle.com

*Attorney for Plaintiff*